**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH JACKSON,

        Petitioner,

                                  CIVIL NO. 2:07-CV-10130

v.                                      HONORABLE LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT COURT

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

     Kenneth Jackson, ("Petitioner"), presently confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his convictions for carrying a concealed weapon, M.C.L.A. 750.227; possession of a firearm by a felon, M.C.L.A. 750.224f; and felony-firearm, second offense, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**I. Discussion**

     Petitioner was convicted of the above offenses in the Oakland County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Jackson,* No. 268014 (Mich.Ct.App. March 23, 2006); *lv. den.,* 477 Mich. 867, 721 N.W. 2d 186 (2006).

     Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Whether the trial court erred by not granting the Defendant's motion to suppress evidence because of an improper investigatory stop by the police.

II. Whether petitioner was deprived and denied of his fundamental and procedural due process and equal protection rights pursuant to the state and federal constitutions under the 4th, 5th, 6th, 8th, and 14th amendments resulting in a miscarriage of justice.

1

III.  Whether petitioner was denied his state and federal due process rights to a full, fair, and adequate hearing upon habitual third in violation of his 5th, 6th, 8th, and 14th amendment constitutional rights.

## II.  Discussion

The instant petition is subject to dismissal because it contains two claims which have not been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).  The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, petitioner did not present his second or third claims before the Michigan Court of Appeals on his direct appeal, raising them only for the first time in his application for leave to appeal with the Michigan Supreme Court.

When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *See Lawrence v. Will Darrah & Associates, Inc.,* 445 Mich. 1, 4, n. 2; 516 N.W. 2d 43 (1994); *Butcher v. Treasury Dep't.*, 425 Mich. 262, 276; 389 N.W. 2d 412 (1986).  Therefore, petitioner's failure to raise these two claims in his appeal to

the Michigan Court of Appeals precluded the Michigan Supreme Court from considering the issues in his application for leave to appeal.

More importantly, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Because petitioner failed to present his second or third claims in his appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977)*;See also Ellison v. Brown*, 16 F. 3d 1219, 1994 WL 43440, * 2 (6th Cir. February 14, 1994).  Because petitioner presented these two claims to the Michigan Supreme Court but not to the Michigan Court of Appeals, the claims have not been properly exhausted with the Michigan courts.

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003).  Petitioner has an available state court remedy with which to exhaust his second and third claims.  Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004).  Petitioner could exhaust these claims by filing a motion for relief from judgment with the Oakland County Circuit Court under M.C.R. 6.502.  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and(C).  Denial of a motion for relief from judgment is reviewable by the Michigan

Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber,* 125 S. Ct 1528 (2005), there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust his claims, rather than dismissing it without prejudice. In this case, the Michigan Supreme Court denied petitioner's application for leave to appeal on September 26, 2006. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on December 25, 2006. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with this Court on January 8, 2007, after only thirteen

days had elapsed on the one year statute of limitations. This Court is dismissing the petition without delay so that petitioner can return to the state courts to exhaust these two claims. The AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. 28 U.S.C. § 2244(d)(2). Because petitioner has almost an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder,* 156 F. Supp. 2d at 845-46. Accordingly, the Court will dismiss the instant petition without prejudice.

### III.   CONCLUSION

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  January 22, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 22, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290